UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

WILLIAM BARKSDALE,                         :
                                           :
        Petitioner,                    :    Civ. No. 15-2399 (RBK)
                                           :
    v.                                   :    **OPINION**
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
        Respondent.                    :
_____    :

**ROBERT B. KUGLER, U.S.D.J.**

      Petitioner is a federal prisoner and is proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2555 that was docketed by the Clerk on April 7, 2015. Petitioner is also proceeding with a counseled § 2255 motion that is still pending in this Court. (*See* Civ. No. 15-1349.) Indeed, this Court ordered that an answer be filed to the counseled § 2255 motion on April 7, 2015. (*See id.* Dkt. No. 5.)

      Both of petitioner's § 2255 motions (counseled and *pro se*) attack the same conviction. Where a *pro se* petitioner files a habeas petition while a prior habeas petition is still pending, a court will construe the newly filed habeas petition, not as a second or successive habeas petition, but as a motion to amend the previously filed and still pending habeas petition. *See Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion); *see also Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (finding that district court should have construed *pro se* habeas petition as a motion to amend pending habeas petition).

Petitioner's counseled § 2255 motion in Civ. No. 15-1349 is still pending. Therefore, the Court will order the Clerk to re-docket the § 2255 motion in this case, as a motion to amend the § 2255 motion in that earlier counseled case. *Accord Smith v. Hastings*, No. 13-3750, 2013 WL 6054910, at *2 (D.N.J. Nov. 14, 2013) (ordering clerk to re-docket habeas petition as a motion to amend habeas petition in other pending habeas case that attacks the same conviction). The Clerk will also be ordered to close this case, Civ. No. 15-2399, as the § 2255 motion is now being re-docketed as a motion to amend petitioner's pending § 2255 motion in Civ. No. 15-1349.

The Court will deny petitioner's motion to amend his § 2255 motion in Civ. No. 15-1349. As previously noted, petitioner is proceeding through counsel, Alex Dexter Bowman, Esq., in his § 2255 motion in Civ. No. 15-1349. However, he has filed his motion to amend his § 2255 motion *pro se*. There is no right to "hybrid" representation, and this Court is not obligated to consider *pro se* filings made by represented litigants. *See Pagliaccetti v. Kerestes*, 948 F. Supp. 2d 452, 457 (E.D. Pa. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009) (per curiam)). Mr. Bowman is still petitioner's counsel of record in Civ. No. 15-1349. Therefore, the Court will deny petitioner's *pro se* motion to amend his § 2255 motion at this time. An appropriate order will be entered.

DATED: April 10, 2015

                                               s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge